I'd like to reserve two minutes if possible for a rebuttal. This case involves a pretty straightforward application of Honeycutt v. United States. Honeycutt held that in a criminal proceeding, the defendant can be ordered to forfeit only property that he actually acquires. Neither David Lonitch nor James House ever actually acquired Park Lane Villas East, which is the property we're talking about here. The property... Why don't you address that? I mean, there's a threshold question of whether your client can even come in and make that argument under N6 and a number of other cases from other circuits.  Yes, Your Honor. As a matter of due process, 101 House Co., we contend, has to be allowed to challenge the underlying forfeiture orders here. The Supreme Court in the Park Lane case, which we cite, held that a person can't be deprived of an interest without an opportunity to be heard. The Second Circuit in the Delgaredes case applied that principle in a forfeiture context very much like this one. 101 House Co. attempted to intervene and participate in the underlying forfeiture proceedings by statute. I think it's 21 U.S.C. 853 K. It was prohibited from doing so. The District Court barred 101 House Co. from participating in the preliminary orders of forfeiture in that proceeding. And so as a matter of due process, it's essential that 101 House Co. be permitted to challenge that. Why does 853 N give you that adequate due process that you could file an ancillary proceeding and assert these very same arguments in that context? Why you're not being denied due process in that sense, are you? Because 853 N does not permit a challenge to the underlying forfeiture order against the criminal defendants. It allows two fairly narrow opportunities for third parties to assert their interests. But it does not permit a challenge to the underlying forfeiture order against the defendants. In this case... I don't think our court has answered this question as to whether someone in your client's position can challenge the underlying forfeiture issue. I don't know that it's answered it directly, but it seems that other courts have. And is it your... Are you asking us to disagree with those other circuits? I mean, your position may be those other circuits, it's got it all wrong. But I want to know your sense of the state of the law here in terms of, you know, are you asking us basically to create a circuit split on this issue? I don't think you would be creating a circuit split on this issue if you held as a matter of due process, 101-HASCO could challenge the underlying forfeiture order. To the contrary, I think that you would create a circuit split if you held otherwise. Let me return to this question, because it seems to me that you can show under 853 N that you have a superior interest to that of the defendants, correct? Not exactly. Well, it's just what it says. It says you can prove that you have a superior interest in the property to the criminal defendants or was a bona fide purchaser for value. I'm reading the language in the statute. Yes. Okay. Now let me ask the question. Yes. Your position is that the defendants never had an interest in the property. Right. So doesn't 853 N give you the ability to show that your interest is superior to theirs because they never had an interest? Here's the problem, Your Honor. And we actually argued in the district court 853 N6A, which is the provision you're referring to. The problem is that the interest has to exist before the acts that gave rise to the forfeiture order. I understand. I understand. So the district court finds in the forfeiture proceeding that the defendants have an interest in the property. And I guess your position is you have to be there to argue that they don't then. And you can't wait till later to argue that your interest isn't superior. Well, no, the problem we have is N6A does not allow us to argue that our interest is superior unless it was superior before the acts that gave rise to the forfeiture. Okay. And you don't have any evidence that before these acts you had a superior interest in the property. Exactly. 101 House Co. acquired this property starting in 2010. And the acts occurred before. Exactly. The acts occurred before. And so why doesn't the district court's finding that the defendants had an interest in the property before you acquired it deprive you of standing? Well, we have title to the property. So we have standing to challenge the forfeiture. What we have to be able to do is challenge that finding by the district court. If we can't challenge that, then we're in exactly the situation that. Well, you have, I mean, you have Article 3 standing. You have claimed injury, but you, the statute says if you have a superior interest either at the time or through a bona fide purchase, then you can come in and say, no, this property is mine. But it appears you don't have a basis to say that because your client is not arguing that here. What we are, we argued in 6A at the district court. We lost. We chose not to raise that on appeal. Our argument here is a more fundamental one, which is that neither Mr. Honex or Mr. House ever actually acquired this property. So the forfeiture orders that are the predicate for taking title away from 101 House Code and giving it to the government, the predicate for that is invalid. And under Park Lane and Delgaredis and Reckmeyer, we have to be able to challenge that finding in some setting. And we did so in the district court and the district court allowed us to challenge it. We didn't, of course, in the district court got it wrong, but we have to be able to challenge that finding or we're going to lose our property based on a binding ruling that we've never had a chance to challenge. Who's the we in this case? House Code LLC, who are the, I don't know what the term is in California. Here we would call them the members of the LLC. Who are the members of the LLC? The members of the LLC are two further LLCs. One is called 114. Yeah, trace them back to the, trace them back to real people. Who are the real people with an interest in this? There are a bunch of them. Isn't, isn't one, isn't the majority of the interest one of the defendants? No, no, no, absolutely not. And I'm, I'm glad your honor raised that point because it's crucial here. None of the current investors in 101 House Code. No, when it was acquired, when the property was acquired, who were the, who were the people behind the acquisition? When the property was first acquired back in 2009 or 10, Madge Alessi was really the person behind the acquisition. Okay. Lonnit was his lawyer and certainly assisted with the acquisition. But Madge Alessi was the person behind this. Of course, Madge Alessi was a defendant in the underlying criminal case. He was ultimately, he died. He was never convicted. Right. Was it, was the court entitled to order a forfeiture of property obtained by Madge Alessi with proceeds from the conspiracy? No, no, no. It was not? No, not, not in a conviction of Lonnit and House. Well, but it's a conspiracy, it's a conspiracy conviction in which he's charged to be one of the conspirators. I'm sorry, your honor, I didn't mean to cut you off. Well, I mean, going back to the forfeiture itself, which I'm not sure you're entitled to challenge, but why couldn't a court in a conspiracy case in which all the defendants who were alive were convicted and in which the charged conduct was that it conspired with a dead defendant, forfeit the property that the dead defendant obtained with the proceeds of the conspiracy? That is exactly the point of Honeycutt, that that sort of joint and several liability is not permissible under the forfeiture statutes. That is exactly the point of Honeycutt and Honeycutt is very clear on that. You can only forfeit from Mr. Lonnit what Mr. Lonnit required. You can only forfeit from Mr. House what Mr. House required. And neither Lonnit nor House ever acquired Park Lane Villas East. They never, they certainly, they didn't even acquire membership in 101 House Cove LLC. Neither one of them was ever a member of those corporations. So this is why it's so vital that we'd be permitted to challenge the underlying forfeiture because Honeycutt thinks it's clear as day that neither House nor Lonnit could be, could face an order of forfeiture for something that they didn't know. Exceeded my time. All right. And we've we've made you do it and I'll give you some time for rebuttal. Unless, before we turn to Mr. Valentini, does anybody have any further questions for Mr. Klein? No, I don't. I do not. Mr. Valentini. Good afternoon. 101 House has shown no grounds to challenge whether House or Lonnit had a forfeitable interest in the property. First, 101 has conceded, has conceded and conceded again today that he has no right to bring the claim that they want to bring the challenge to profitability under the forfeiture statute. That's for good reason. That's because 101 House is a sham entity that was undisputedly created for the sole purpose of perpetuating, perpetrating this fraud of which Lonnit and House were convicted. And it was also understood and also undisputedly received any purported interest in the property through that scheme. So 101 House obviously cannot and does not try to fit its claim, its claim under 853 and 6 because it cannot show that it had a superior interest in the property that pre-existed the fraud. And it cannot show that it had, that it was a bona fide purchaser for value of the property after the fraud. 101 House relies instead, resorts entirely to the process, but its arguments fail for essentially the same reasons why its statutory arguments don't work. And the process requires, still requires a, the defendant, the defendant in this case, is to show a protectable interest in the property at issue. But precisely because 101 House undisputedly received the property, that its interest in the property as the process of the fraud of which Lonnit and House were convicted under the relation back doctrine, that interest automatically vested in the government at the moment the property became a process of offense. Any interest? Mr. Rousey, let me ask you a question that that troubles me a little bit. What was the interest in the convicted defendants in the property? In other words, their interest, their interest, I assume what was forfeited was their interest in the property, right?  What was their interest in the property? Well, there may have been alienations and sort of transaction transfers of the property since the property, since they originally received the property. But the relevant time here is the time when they lost their interest because it was vested in the government. And at that time, Lonnit got the right to possess to control the property, which is a right recognized under California law. And House received formal paper title to the property. That was, of course, that decoupling of the bundle of property stakes was precisely how strong frauds work. And that was precisely the point where Judge Hurwitz was was sort of going with this. But, I mean, there does seem to be some tension between this argument and the essentially the trial theory that House was just a sham buyer and that, you know, Lonnit was really just a front for Majelassi. So the district court that presided over the long trial, as we discussed in the previous case, found, tackled this argument and addressed this argument directly. And they found no tension between what we argued in the theory of conviction and the forfeiture theory in this case. And that's because in the district court, the government did not prosecute House for not having title for legal title to the property. That was the whole point of the scheme was to get legal formal paper title to James House, to House go. The crux of the of a strong ownership in this case was to misrepresent who in fact controlled 101 House. That was the crux of the prosecution. It's not that 101 House did not, in fact, have legal paper type title. That's how they did the fraud. That's why the fraud worked initially until it was discovered. So there was no tension between the two propositions. Otherwise, in fact, if there were tension between the two, no instance in which a fraudster is convicted for a strong ownership could result in forfeiture within the system of property. I appreciate these points. I think I guess the question I have is if we even got to this, I mean, to even get to this, we have to conclude that 101 House essentially has a statutory standing to make this argument. But let's assume for a second we get there. Is your view that when it comes to doing this kind of analysis under the forfeiture provisions, we really don't look at all at sort of the trial theory or anything else? It's really just more of a legal question as to whether the defendants own the property. And here we can tell that House did, in fact, own it, at least on paper, and Lonage owned it in the way that he controlled it. And if those tests are met, that can be forfeited regardless of what the theory was in trial. On the face of the statute, that is correct. I mean, we are not taking the position that principle of judicial estoppel, if we were to actually take a consistent position, could not in some case, some hypothetical case, prevent us from making arguments. Those are sort of principle that the courts apply generally not on a statutory basis. So to the extent that those may still have applicability. But again, there really is no tension between the two positions. And yes, the inquiry is, and I think this court's decision in Nava is, it basically looks to whether under, in 853 proceedings, the court really looks whether there is an interest that, a preexistent superior interest that will be recognized under state law. In this case, one more House could undisputedly did not, because I believe my opposing counsel was not denying, and I think he acknowledged in the district court, that one more House got title to the property through the scheme. And so under those principles apply fully and dispose of the attempt to circumvent the statutory scheme in this case. Can you speak for a minute about just the 853-I remedy for innocent investors and how they can take advantage of that and what factually, you know, about whether any of them have done so here? So like that, there's a provision under 853-I that allows the Attorney General to grant on a discretionary basis remission or mitigation to innocent investors who, or innocent parties who may not otherwise find regress or for their, for their property interest under 853-N6. In this case, and this is something that my opponent has raised, more of as an equitable matter, I think has pointed to some investors that he claims, and perhaps there may be some after the fact, late coming investors that you know, may not have known of the full extent of the problem, may not have known of the fraud. But again, this is the only party of record that my opponent is representing here and who is a party in this case and who has standing to participate in this case is 101-House. And the reason why 101-House cannot obtain regress is because it doesn't fit any of the statutory vehicles for third party to obtain regress. And it's somewhat ironic that after having criticized the government for not taking serious, not sort of giving full effect to the formal corporate formalities of 101-House because it was a sham entity, then yeah, 101-House will attempt, at least as an equitable matter, to look directly to the investors as if standing did not have a serious grounding in the law. And the fact that if there were investors, those are not, those could be, those could bring separate actions, or those could seek relief under 853-I. We don't think those people also have, they're not here, but could they have also pursued relief with the district court under N-6, where they come in and say, listen, I, I bought an interest in this LLC. I thought it was legitimate. Here's the evidence I have for that. I'm a bona fide purchaser. And I should not have my interest in this LLC forfeited. Do they, can someone like that come into the criminal case? Or do they have to go through 853-I? So generally speaking, they will have to be able to reverse pierce the corporate veil in order to bring back fine, because the assets of the entity, that the assets belong to the entities, not to the individual owners or members of the entities. So they will have to sort of reverse pierce the corporate veil. There's been no attempt to do that in this case. We don't know. I don't think this court has decided whether that theory would allow them to come in under 853-N-6. To the extent that that's an option, that would have been an option. That's not an option that we're taking advantage of. Unless your honors have any questions about the merits of my opponent's claims. Unless your honors have any questions about the merits of one of my household claims, we would ask the court to affirm the dismissal of the third party petitions below. I think Judge Hurwitz is on mute, but I do not. Good. I was speaking over Mr. Valentini anyway, so it's good that I was on mute. Mr. Klein, I'm going to put a minute back on the clock for you, your level.  Now you're muted. The investors, Judge Bress, almost certainly did not have standing because they don't have an interest in Parkland Villas East. So they could not have come in. Remission is not an adequate remedy for them. And the remission that the government is prepared to offer in this case is inadequate. Basically, it's returning their investment minus gains. So most of them would probably get virtually nothing. In terms of the due process issue, Judge Bress, you asked if you'd be creating a circuit split. And I just want to make clear, if the court were to hold that there is no due process right here, I believe that would create a circuit split with the Second Circuit in Delgaredes and the Fourth Circuit in Reckmeyer. I don't know of a case. I don't know that anyone's saying there's not a right. The question is, is there sufficient process through N6 and 853I and otherwise? And that's what Delgaredes addresses directly and holds that there is not. And on the other side of your question, Judge Bress, I don't know of a case that has rejected the Delgaredes due process analysis. So I don't believe you'd be creating any sort of circuit split if you went with Delgaredes. Judge Hurwitz, may I make one final point? You're muted. You may. I just wanted to say on the question of House's straw ownership, this court held in a case called U.S. v. Vacant Land, 15 F. 3rd, 128, that straw ownership is not even enough to give standing to contest a forfeiture. It's certainly not an interest sufficient to deprive a titleholder of property that titleholder owns. Vacant Land is 15 F. 3rd, 128. Thank you. Thank you, and this case will be submitted. Mr. Valentini, you're free at last. Thank you.
judges: Hurwitz, Bress, Corker